## In re HAGY.

(Circuit Court of Appeals, Sixth Circuit. March 2, 1915.)

### No. 2499.

1. BANKRUPTCY ☞408—GROUNDS FOR REFUSAL OF DISCHARGE—CONCEALMENT OF PROPERTY.

A bankrupt claimed to have sold an interest in a partnership, for which he paid $1,400, to H. for $1,000, and to have taken H.'s note in payment, and to have turned the note over to his father-in-law on a, pretended debt. H. made no inquiry as to the assets, liabilities, or profits, never received any profits, and understood that the stock of goods was security for his note. The bankrupt agreed that he should not be pushed for payment, and this arrangement was understood by the father-in-law. H., wishing to be relieved of liability, at the bankrupt's direction transferred the interest to the bankrupt's uncle, who gave his note therefor, but who made no inquiry as to the condition of the business, and did not notify the other partner of the transfer. He expected to surrender the business when his note was paid. No notice of the dissolution of the partnership was given, and no change was made in the merchant's license required by statute. *Held*, that the facts showed that the transfers were pretended, and not in good faith, and were mere devices to obtain the use of the alleged vendee's notes, and that the bankrupt was all the time the owner of the interest, and hence his intentional and fraudulent concealment of his ownership of such interest justified the denial of a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. ☞408.]

2. BANKRUPTCY ☞413—DISCHARGE—CREDITORS ENTITLED TO OPPOSE DISCHARGE.

A creditor, whose claim against a bankrupt arose out of a partnership with the bankrupt, which was terminated prior to the bankrupt's pretended sales of his interest in a partnership with a third party, and who neither participated in nor had knowledge of such sales, was not estopped from objecting to the bankrupt's discharge because of the concealment of his interest in the partnership with the third person.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. ☞413.]

Appeal from the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

In the matter of the bankruptcy of O. C. Hagy. From an order denying a discharge, the bankrupt appeals. Affirmed.

F. S. Elgin, of Memphis, Tenn., for appellant.

W. G. Timberlake, of Jackson, Tenn., and E. W. Ross, of Savannah, Tenn., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

SATER, District Judge. The bankrupt's application for a discharge was resisted by his principal creditor, Allen, on the ground that the bankrupt knowingly and fraudulently concealed from and refused to surrender to the trustee in bankruptcy various items of property, the

only one of which that need be considered is a half interest in a store located at Ramer, Tenn. The District Court approved the recommendation of the referee and refused a discharge; hence this appeal.

[1] The bankrupt paid $1,400 for his interest in the Ramer store. He claims to have sold it to one Houston for $1,000, and to have taken his note for that amount in payment. He turned the note over to his father-in-law, N. A. Erwin, to be credited, as he claims, on a debt owing by him to Erwin. At the time of the purported sale, no inquiry as to the assets, liabilities, or profits of the store was made. Houston never asked for or received any profits from the business, or any statement regarding it, or took any interest therein other than to inquire of Kerr, who owned the other half of it, as to how the store was doing. He understood that he took the stock of goods as security for his note, and intended to turn the goods back when his note was surrendered to him. He "aimed for somebody else to pay it." The bankrupt agreed with him that Erwin should be kept "off" of him and should not push him for payment. This arrangement was known to and understood by Erwin himself. Subsequently, not wishing to carry the risk of having to pay the note, Houston applied to the bankrupt and was told that he might relieve himself of liability by transferring his half interest in the store to John R. Erwin, a half-uncle of the bankrupt's wife. This was accordingly done in March, 1909, and Houston received for it the note of John R. Erwin for $1,000, and, through the bankrupt, the return of his own note for a like amount theretofore held by N. A. Erwin. He indorsed the John R. Erwin note, and delivered it to the bankrupt, who was to take it to the bank of Hamburg. John R. Erwin made no inquiry, at the time the property was transferred to him, as to the condition of the business, or as to whether it was profitable or not, and did not notify Kerr of the transfer until he was about to testify in the bankruptcy proceeding in the latter part of the following August. He never paid the note, or any part of it, and expected to surrender the business to the bankrupt when his note was paid. The bankrupt, subsequent to the alleged sale to Houston, gave no notice of a dissolution of his theretofore existing partnership with Kerr; nor did either Houston or John R. Erwin make any change in the merchants' license required by Shannon's Tennessee Code, c. 9, art. 1, §§ 973–986, to show who constituted the firm of which they in turn were respectively purported members. The referee was warranted in finding that, after the alleged purchase of a half interest in the store by Houston, the control and management of the same was left largely, if not entirely, to the bankrupt. It is quite clear that the bankrupt was all the while the owner of the half interest in question, and that the purported transfers were pretended and not in good faith—mere devices to obtain the use of the alleged vendees' paper, for which such vendees in turn held such half interest as security. The charge of intentional and fraudulent concealment is abundantly sustained by the evidence.

[2] The bankrupt's indebtedness to Allen arose out of a partnership between the two which was terminated in 1907, prior to the bankrupt's pretended sales to Houston and John R. Erwin. Allen did not

participate in and had no knowledge of either of such sales. He is not, therefore, estopped from objecting to the bankrupt's discharge.

In view of the conclusion reached, other questions need not be considered.

The lower court is affirmed.